UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DANTE A. TALLON,

                Petitioner,

v.

ROBERT G. MAIN, JR., Judge, County Court,
County of Franklin

                Respondent.

9:18-CV-1316
(TJM)

---

APPEARANCES:

DANTE A. TALLON
Petitioner, pro se
15-A-2822
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

OF COUNSEL:

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

On November 2, 2018, petitioner filed a motion for declaratory judgment. *Tallon v. Main*, No. 9:18-CV-0904, Dkt. No. 6 (TJM).[1] On November 7, 2018, petitioner's motion was denied, he was notified that his submission was going to be converted to a habeas petition pursuant to 28 U.S.C. § 2254, and the Clerk was directed to open a new action and file the

---

[1] On August 2, 2018, petitioner filed a petition for a *writ of audita querela* pursuant to 28 U.S.C. § 1651, as well as numerous state court records. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, State Court Records ("SCR"). Pursuant to a Decision and Order dated August 14, 2018, this Court notified petitioner that – because his section 1651 petition actually challenged the legality of his underlying state court conviction – the petition was going to be converted to a section 2254 petition unless petitioner voluntarily withdrew it. Dkt. No. 3, Decision and Order, at 4-6, 8-9. On September 10, 2018, petitioner filed a motion to withdraw his petition. Dkt. No. 4. The following day, the Court granted the motion and dismissed the petition without prejudice. Dkt. No. 5, Text Order dated 09/11/18. The case was closed.

motion as a habeas petition therein. *Id.*, Dkt. No. 7; *see also* Dkt. No. 1 ("Pet"); Dkt. No. 3, Decision and Order dated 11/12/18 ("November Order"). The November Order also directed petitioner to submit either the statutory filing fee or a properly certified application to proceed in forma pauperis ("IFP"), within thirty days, if he wished to pursue the petition. November Order at 6. Further, the November Order stated that petitioner must file an amended petition within the same thirty days to, specifically,

> clearly state the grounds upon which the petition is based, and the specific facts supporting each ground . . . [and] information demonstrating that each claim has been properly exhausted, including the date(s) upon which [petitioner] filed any state court proceedings in which he challenged the judgment of conviction at issue, the name and location of the court(s) . . . , the grounds raised, and the date(s) upon which the court(s) denied each application.

*Id.*

On January 7, 2019, in response to the Court's November Order, the petitioner filed a motion for reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 4. For the reasons which follow, the motion is denied. Further, petitioner is provided a final opportunity to submit an amended petition, along with either a properly completed IFP application or payment of the statutory filing fee. Failure to do so will result in the petition being dismissed without further order from the Court.

## II.  MOTION FOR RECONSIDERATION

In the present motion, petitioner asserts that "the district court judge was seriously mistaken about [petitioner] needing to amend his petition and state details of an exhaustion of his state court remedies." Dkt. No. 4 at 5. Petitioner categorized the November Order as

2

"erroneous and misplaced" and "based on a set of facts entirely not belonging to his instant case[.]" *Id.* at 6.

Specifically, petitioner contends that the Court misconstrued his submission, interpreting it to make identical arguments as those advanced in his New York Criminal Procedure Law § 440 motion which was previously dismissed. Dkt. No. 4 at 6. Instead, petitioner asserts the present action raises "separate and distinct complaints[.]" *Id.* However,

> rather than go into any further discussion on the apparent distinction of petitioner's moving papers he shall rely on this Reviewing Judge carefully examining his attached pleading papers to determine for himself whether or not petitioner failed to met [sic] his burden of presenting a colorable controversy ripe for this federal district court to resolve along with whether or not petitioner has a standing to obtain relief from this Court under a totality of the submitted circumstances.

*Id.* at 7.

Petitioner argues reconsideration is appropriate because the state court judge lacked jurisdiction over petitioner. Dkt. No. 4 at 11. Specifically, the judge was sitting in multiple elected offices simultaneously in violation of "McKinney's County Law § 411"; therefore, all of the judge's decisions and orders, including petitioner's conviction, were void. *Id.* at 11. Accordingly, petitioner "asks in conclusion for this [Court] . . . to vacate [Judge McAvoy]'s order and grant in favor to the petitioner his previous requested relief [of deeming his state conviction void based on the state court's lack of jurisdiction over petitioner.]" *Id.* In the alternative, petitioner seeks "a stay of any adverse determination . . . [and] grant[] . . . an open evidentiary hearing within twenty (20) days." *Id.* at 12. For a more complete statement of petitioner's claims, reference is made to the motion papers.

3

## III. DISCUSSION

In pertinent part, Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "The Supreme Court has interpreted subsection six as requiring a showing of 'extraordinary circumstances' to 'justify[] the reopening of a final judgment.'" *Reynolds v. Greene*, No. 9:05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

It is first important to understand that

> [a] motion under Rule 60(b) and a petition for habeas have different objectives. The habeas motion under 28 U.S.C. § 2254 seeks to invalidate the state court's judgment of conviction. As to the motion under Rule 60(b), while it is undoubtedly a step on the road to the ultimate objective of invalidating the judgment of conviction, it does not seek that relief. It seeks only to vacate the federal court judgment dismissing the habeas petition. The grant of such a motion would not have the effect of invalidating the state conviction. It would merely reinstate the previously dismissed petition for habeas, opening the way for further proceedings seeking ultimately to vacate the conviction.

*Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). Stated another way, "[a] Rule 60(b) motion may be used to attack the integrity of the previous habeas proceeding, but it may not be used as a vehicle to attack the underlying criminal conviction." *Reynolds*, 2010 WL 604179, at *3 (internal quotation marks omitted) (citing *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Gonzalez*, 545 U.S. at 529); *see also Negron v. United States*, 164 F. App'x 158, 158-59 (2d Cir. 2006) (explaining that Rule 60 provides relief in civil suits, accordingly "cannot afford [petitioner] relief from his judgment of conviction in a criminal case.").

Here, petitioner's motion is inappropriate for several reasons. First, to the extent petitioner advances any type of argument within the motion, it still challenges the merits of his state court conviction. Specifically, petitioner contends his conviction is void because the state court lacked jurisdiction.[2] Petitioner is, again, attempting to invalidate his state court conviction through the wrong procedural vehicle. *Gonzalez*, 545 U.S. at 529; *Negron*, 164 F. App'x at 158-59; *Harris*, 367 F.3d at 77; *Reynolds*, 2010 WL 604179, at *3. To the extent petitioner wishes to challenge the constitutionality of his state court conviction in this Court, he is to do so via a habeas petition brought pursuant to § 2254.

Second, to the extent petitioner alleges that the November Order was incorrect in failing to reopen his original case, *Tallon v. Main*, No. 9:18-CV-0904, such arguments are unavailing. It was petitioner, not the Court, that decided to terminate that action by voluntarily withdrawing it. *See Negron*, 164 F. App'x at 159 (concluding a Rule 60(b) motion cannot properly challenge "the denial of [a habeas petition], which, in fact, [a petitioner] voluntarily withdrew."). Further, petitioner's contentions that the November Order should be reexamined because it was wrong to construe petitioner's submission as a habeas petition and open the present action are also unpersuasive. Petitioner has not yet successfully filed his habeas petition as he has yet to remit the filing fee or be approved for IFP status. Accordingly, any motions for reconsideration are premature. *See Rittweger v. United States*, No. 1:08-CV-7130, 2008 WL 5203653, at *1 (S.D.N.Y. Dec. 11, 2008) ("Rule 60(b) relates to relief from a civil judgment or order. That Rule may be relevant after a judgment has been entered in connection with a petition for habeas corpus. However, . . .it would not be relevant to a

---

[2] It seems that petitioner also argues that this assertion means that, by extension, this Court also lacks jurisdiction and its judgments are, therefore, void – which would arguably be another basis for relief pursuant to Rule 60(b)(4). Pet. at 9. To the extent petitioner attempts to advance such arguments, they are unavailing.

5

petition for habeas corpus until such a petition has been filed and there is a judgment or order deciding such a petition that is then challenged by a motion brought under Rule 60(b).").

Finally, even assuming a motion for reconsideration was appropriate – which it is not – petitioner failed to present any circumstances, let alone extraordinary ones, to justify the Court's intervention.

In sum, petitioner's arguments are beyond the scope of Rule 60 and, thus, are denied. Further, as Rule 60(b) relates to relief from a judgment, it provides petitioner with no basis to request an evidentiary hearing. Accordingly, petitioner's alternative application for relief in the form of an evidentiary hearing is similarly denied. Lastly, petitioner is granted a final leave to amend his petition and either pay the statutory filing fee or submit a properly certified IFP application to the Court for review.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration (Dkt. No. 4) is **DENIED WITH PREJUDICE**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and it is further

**ORDERED** that if petitioner wants to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either**: (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed and signed IFP application that has been certified by an appropriate prison official at his facility. The Clerk is directed to serve

petitioner with a blank IFP Application for that purpose; and it is further

**ORDERED** that petitioner must file an amended petition within thirty (30) days of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall fully complete every part of the blank petition. **Petitioner must clearly state the grounds upon which the petition is based, and the specific facts supporting each ground.** The amended petition must also set forth information demonstrating that each claim has been properly exhausted, including the date(s) upon which he filed any state court proceedings in which he challenged the judgment of conviction at issue, the name and location of the court(s) in which he filed each application, the grounds raised, and the date(s) upon which the court(s) denied each application.

Petitioner **shall not** incorporate any portion of his prior petition into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that, if petitioner does not properly commence said action or file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order; and it is further

**ORDERED** that, upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated:January 14, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge